UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSE CARLOS SOTO-PINEDA** | : | **CIVIL ACTION NO. 2:16-cv-1238** |
| **B.O.P. # 64155-019** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **BECKY CLAY** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Jose Carolos Soto-Pineda (Soto-Pineda). Soto-Pineda is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO).

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED, IN PART, WITH PREJUDICE.**

### I.
### BACKGROUND

In January of 2011 Soto-Pineda was indicted in the United States District Court, Northern District of Georgia. *United States v. Soto-Pineda* ("*Soto-Pineda I*"), 1:11-cr-006(10), doc. 5 (N.D. Ga. Apr. 29, 2013). He pleaded guilty to count one of the 2011 indictment and was sentenced on April 29, 2013, to a forty-one month term of imprisonment. *Id.* at doc. 621. He did not file an appeal. Doc. 1, att. 2, p. 2.

Soto-Pineda was again indicted in the same court in September of 2012. *United States v. Soto-Pineda* ("*Soto-Pineda II*"), 1:12-cr-327(1), doc. 1 (N.D. Ga. Sep. 15, 2014). He pleaded guilty to count one of the 2012 indictment and was sentenced on September 12, 2014, to 175 months of imprisonment. *Id.* at docs. 130, 137. He filed a timely notice of appeal but same was dismissed for want of prosecution/failure to pay the required fees. *Id.* at docs. 142, 153.

In October 2015 Soto-Pineda filed a motion for correction of sentence in *Soto-Pineda I*, 1:11-cr-006(10), doc. 683, and in *Soto-Pineda II*, 1:12-cr-327(1), doc. 157. There he claimed that his two sentences imposed by the Northern District of Georgia were ordered to run concurrently and that the BOP was improperly running the sentences consecutively. Both motions were denied. *Soto-Pineda I*, 1:11-cr-006(10), at doc. 687; *Soto-Pineda II*, 1:12-cr-327(1), at doc. 166.

In the present matter Soto-Pineda again claims that the BOP is not accurately computing the amount of time that he must serve on his federal sentence. Doc. 1, p. 6. In support he claims that his attorney and the government promised him that the two federal sentences would be run concurrently. *Id*. at 7. As relief he asks this court to order the BOP to run his sentences concurrently rather than consecutively. *Id*. at 8. He also asks for credit towards his federal sentence for "time spent in prison prior to the imposition of his 175 months' sentence." *Id*. This includes credit for "the time between April 2, 2010 and September 30, 2010, a time served in the state prison for the same offense charged on indictment 1:11-cr-06-10-CAP . . . [and] for the time between August 4, 2012, and October 2, 2012."[1] Doc. 1, att. 2, p. 3.

---

[1] Via a separate Amend Order, this court is instructing Soto-Pineda to provide information/documentation evidencing that he has exhausted his credit-for-time-served claim and that the requested time has not been credited to another sentence.

## II.
### LAW AND ANALYSIS

Soto-Pineda's argument for concurrent rather than consecutive sentences has twice been considered and rejected by the sentencing court. The latter order was issued on December 22, 2015. *Soto-Pineda I*, 1:11-cr-006(10), doc. 687. There the court stated:

> On December 17, 2015, an order was entered in the 2012 criminal action denying the motion. In that order, Judge Batten, who sentenced the defendant to the 175 month term, pointed out that neither the Government nor the defendant's counsel asked that he direct that the later sentence run concurrently with the earlier 41 month sentence. Moreover, Judge Batten points out that after considering the sentencing factors in 18 U.S.C. § 3553(a) regarding whether two sentences should run consecutively or concurrently, he did not direct that the two sentence[s] run concurrently. Therefore, the default rule of 18 U.S.C. § 3584(b)—that sentences imposed at different times run consecutively—controls, and the BOP is correctly running the defendant's sentences consecutively.

*Id.* at 2.

Soto-Pineda presents nothing to challenge the above. Thus his third attempt to have his federal sentences run concurrently rather than consecutively, clearly must fail. As his sentences run consecutively, it follows that any time spent in service of an imposed sentence will be credited against that sentence, negating Soto-Pineda's claim that 18 U.S.C. § 3585, "Calculation of a term of imprisonment," entitles him to credit for prior custody.

## III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that the portion of Soto-Pineda's *habeas* petition seeking to have his federal sentences run concurrently rather than consecutively and be credited toward both sentences for time in federal custody is **DENIED** and **DISMISSED WITH PREJUDICE.**[2]

---

[2] Soto-Pineda's claim that he is entitled to credit on his federal sentence for time served in state custody remains pending at this time.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.

A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 31st day of January, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE