UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSE CARLOS SOTO-PINEDA** | : | **CIVIL ACTION NO. 2:16-cv-1238** |
| B.O.P. # 64155-019 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **BECKY CLAY** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Jose Carolos Soto-Pineda (Soto-Pineda). Soto-Pineda is an inmate in the custody of the Federal Bureau of Prisons (BOP) and he is currently incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO).

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.[1]

## I.
### BACKGROUND

In January 2011, Soto-Pineda was indicted in the United States District Court, Northern District of Georgia. *United States v. Soto-Pineda* ("*Soto-Pineda I*"), 1:11-cr-006(10), doc. 5 (N.D. Ga. Apr. 29, 2013). He pleaded guilty to count one of the 2011 indictment and was sentenced on April 29, 2013, to a forty-one month term of imprisonment. *Id.* at doc. 621. He did not file an appeal. Doc. 1, att. 2, p. 2. Soto-Pineda was again indicted in the same court in September 2012.

---

[1] Via separate Report and Recommendation, this court is recommending dismissal of the portion Soto-Pineda's petition wherein he seeks to have this court order the BOP to run his two federal sentences concurrently rather than consecutively.

*United States v. Soto-Pineda* ("*Soto-Pineda II*"), 1:12-cr-327(1), doc. 1 (N.D. Ga. Sep. 15, 2014). He pleaded guilty to count one of the 2012 indictment and was sentenced on September 12, 2014, to 175 months of imprisonment. *Id.* at docs. 130, 137. He filed a timely notice of appeal but same was dismissed for want of prosecution/failure to pay the required fees. *Id.* at docs. 142, 153.

In October 2015 Soto-Pineda filed a motion for correction of sentence in *Soto-Pineda I*, 1:11-cr-006(10), doc. 683, and in *Soto-Pineda II*, 1:12-cr-327(1), doc. 157. There he claimed that his two sentences imposed by the Northern District of Georgia were ordered to run concurrently and that the BOP was improperly running the sentences consecutively. Both motions were denied. *Soto-Pineda I*, 1:11-cr-006(10), at doc. 687; *Soto-Pineda II*, 1:12-cr-327(1), at doc. 166.

In the present matter Soto-Pineda again claims that the BOP is not accurately computing the amount of time that he must serve on his federal sentence. Doc. 1, p. 6. In support, he claims that his attorney and the government promised him that the two federal sentences would be run concurrently. *Id*. at 7. As relief he asks this court to order the BOP to run his sentences concurrently rather than consecutively. *Id*. at 8. He also asks for credit towards his federal sentence for "time spent in prison prior to the imposition of his 175 months' sentence." *Id*. This includes credit for "the time between April 2, 2010 and September 30, 2010, a time served in the state prison for the same offense charged on indictment 1:11-cr-06-10-CAP . . . [and] for the time between August 4, 2012, and October 2, 2012." Doc. 1, att. 2, p. 3.

## II.
### LAW AND ANALYSIS

*A. Exhaustion*

Before Soto-Pineda can proceed in this court on the remaining "time served" claim, he must first have exhausted the administrative remedies provided by the Bureau of Prisons. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (holding § 2241 *habeas* action seeking credit

for time served was not ripe until the Bureau of Prisons had reviewed and made a final decision on the defendant's request for credit for time served). Soto-Pineda admits that he did not exhaust the BOP remedies. Doc. 1, att. 2, p. 3. He states that he "has attempted to exhaust the remedies with the BOP, but hasn't been able to do so because the BOP is non-responsive to his request and refuses to accept grievances filed by Petitioner. Thus . . . it will be futile to require Petitioner to exhaust the remedies." *Id.*

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" and the petitioner bears the burden of demonstrating the futility of administrative review. *Id.* Thus Soto-Pineda should amend his petition to provide some proof that he attempted to exhaust his administrative remedies but that same were, as he claims, not accepted by the BOP.[2]

### B. BOP's Sentence Calculation

Federal law provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

---

[2] The Supreme Court has held that the failure to exhaust administrative remedies must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"). *Jones v. Bock*, 127 S.Ct. 910, 921 (2007). However, the PLRA does not apply to federal *habeas* proceedings. *Davis v. Fechtel*, 150 F.3d 486, 488–90 (5th Cir. 1998). Nothing in *Jones* prohibits the *sua sponte* dismissal of a § 2241 petition on exhaustion grounds.

18 U.S.C. § 3585(b). The United States Attorney General, through the BOP, "determines what credit, if any, will be awarded to the prisoner for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003).

As to the state custody credit at issue in the present matter, the sentence computation data provided by Soto-Pineda shows that his federal computation began on April 29, 2013, the date that he was sentenced in the 2011 matter. *See* doc. 1, att. 3, pp. 1–3. The data also shows that he received jail credit from April 2, 2010, through April 5, 2010; August 1, 2012, through August 3, 2012; and October 3, 2012 through April 28, 2013. *Id.* at 3. His total prior credit time is listed as 215 days. *Id.* Soto-Pineda seeks credit from April 2, 2010, through September 30, 2010; and August 4, 2012, through October 2, 2012. He should amend his petition to provide proof that the sentence credit he seeks was not credited to his state sentence.

### III.
### CONCLUSION

Accordingly,

**IT IS ORDERED** that Soto-Pineda amend his petition within sixty (60) days of this order to provide:

    (1)    Proof that he attempted to exhaust available administrative remedies prior to filing the instant suit; and

    (2)    Documentation showing that the time claimed was not credited toward another sentence.

THUS DONE AND SIGNED in Chambers this 31st day of January, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE